# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHENGLONG SONG,**

      **Plaintiff,**

      vs.

**L. FRANCIS CISSNA,**
*et al.*,

      **Defendants.**

Case No. 2:18-cv-1272

Judge George C. Smith

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Lift Stay (ECF No. 13), Defendants' Memorandum in Opposition (ECF No. 15), and Plaintiff's Reply Memorandum (ECF No. 16). For the reasons that follow, Plaintiff's Motion to Lift Stay is **DENIED**.

### I.

On November 26, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* in this action. (ECF No. 2.) Plaintiff's Complaint represents that he "was charged with Desertion of Mails" in this Court, Case Number 2:15-cr-83. (ECF No. 3 at 3.) He was convicted of this charge on August 4, 2015. (*Id.*) Plaintiff alleges that United States Citizenship and Immigration Services ("USCIS") "considered this conviction as a crime involving moral turpitude" and therefore "denied my Form N-400 because they think I have not established good moral character for the conviction of a crime involving moral turpitude during the statutory period."

(*Id.*)  Plaintiff disagrees with this decision and asks this Court "to make a judicial review and conduct a hearing de novo on my Form N-400."  (*Id.*)[1]  On December 28, 2018, after an initial screen pursuant to 28 U.S.C. § 1915(e)(2), the Court permitted Plaintiff to proceed with his claims at that juncture.  (ECF No. 4.)

After service was effected (ECF Nos. 8, 9, 10), Defendants moved to stay, or in the alternative, for extension of time to move or plead.  (ECF No. 11.)  On April 8, 2019, for good cause shown, the Court granted Defendants' Motion and stayed the case until USCIS completes adjudication on Plaintiff's new Form N-400 or until July 16, 2019, whichever is sooner.  (ECF No. 12.)  The Court further ordered Defendants to file a written status report no later than July 16, 2019, and every 90 days thereafter, until USCIS reaches a decision.  (*Id.*)

Plaintiff now moves to lift the stay, arguing that his two N-400 applications are separate matters and therefore "any factors or decisions of the second [new] Form N-400 should not be taken into adjudication of this Complaint [that addresses his original Form N-400 that was previously denied]."  (ECF No. 13 at 1–3; *see also* ECF No. 16 at 3.)  Plaintiff also contends that the stay "will damage the interests of Plaintiff" because he "wishes to become a United States citizen as soon as possible so that he can relocate his grandparents and take care of them.  In addition, due to Plaintiff's grandmother's serious illness, she may pass away anytime during the proceeding, thus, this matter is extremely time-sensitive to Plaintiff."  (ECF No. 13 at 3–4; ECF No. 16 at 4–6.)  Plaintiff asks the Court to lift the stay and "order[] Defendants to provide a resolution to Plaintiff in 30 days after this Court grants this request.  In the alternative, Plaintiff requests that the Court orders Defendants' responsive pleading to be due 30 days after this Court

---

[1] Plaintiff's claim arises from 8 U.S.C. § 1421(c), which grants the Court jurisdiction to conduct a *de novo* review of applications for naturalization that the Government has denied.

grants this request." (ECF No. 13 at 4.) Alternatively, if the Court denies Plaintiff's Motion, he asks that the Court order Defendants to file their responsive pleading within 60 days after the Court's denial. (*Id.*; ECF No. 16 at 6.) Defendants oppose Plaintiff's request and arguments, which are addressed below.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation . . . ." *Kallay v. Tween Brands, Inc.*, No. 2:15-cv-2238, 2015 WL 13186225, at *1 (S.D. Ohio Oct. 29, 2015) (quoting *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008) (internal quotation marks omitted)); *see also Campbell v. Citibank, NA*, No. 3:13–cv–02675, 2014 WL 3198195, at *1 (N.D. Ohio July 8, 2014) ("Stays may be used to further the foundational principle of avoiding duplicative litigation.") (citations omitted). Courts may also consider the stage of the litigation and whether a stay simplifies the issues. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

3

**III.**

For the reasons that follow, the Court finds that a continued stay of this action is appropriate. As an initial matter, procedurally, this case is in its infancy, as the Complaint was filed just over six months ago (ECF No. 3), Defendants have yet to file an answer, and no case schedule has been set. The factors of inequity to Defendants, conservation of judicial resources, and simplification of issues also weigh heavily in favor of continuing the stay previously imposed. While Defendants acknowledge that Plaintiff's two N-400 applications are independent matters, they point out that a grant of Plaintiff's second (new) N-400 application will render moot Plaintiff's Complaint in this case. (ECF No. 15 at 3–4) (noting further that the different statutory periods for Plaintiff's good moral character in the separate applications are irrelevant to the central issue, *i.e.*, Plaintiff's criminal history, because his "criminal history falls within the statutory [good moral character] periods of both of his N-400 applications"). Notably, Plaintiff acknowledges that a favorable adjudication of his second (new) N-400 application directly impacts the instant action and concedes that such a favorable decision "would render this Complaint as moot" and require dismissal of the action in this Court. (ECF No. 16 at 3; *see also id*. at 6 ("A grant of Plaintiff's new Form N-400 will render this complaint moot, then Plaintiff will file a motion to dismiss his complaint[.]"). These factors, namely, inequity to Defendants, conservation of judicial resources, and simplification of issues, therefore weigh strongly in favor of continuing the current stay. *See Kallay*, 2015 WL 13186225, at *1; *Campbell v. Citibank, NA*, No. 3:13–cv–02675, 2014 WL 3198195, at *1.

Plaintiff may suffer some hardship with the imposition of a stay in this case. (*See generally* ECF Nos. 13 and 16 (describing Plaintiff's desire to help his elderly grandparents living in China relocate to the United States once he obtains United States citizenship).)

However, even though Plaintiff seeks to resettle his grandparents, he acknowledges that, although inconvenient, he has the ability to travel outside of the United States on a limited basis to visit and care for them. (ECF No. 15 at 4; ECF No. 16 at 4–5.) Therefore, although the Court is not unsympathetic to Plaintiff's representation of hardship by a stay of these proceedings, all the other considerations weigh strongly in favor of a stay. In short, after considering the relevant factors and the present record, the Court finds that its discretion is best exercised in continuing the stay and denying Plaintiff's request to lift the stay.

**IV.**

Accordingly, for the foregoing reasons, Plaintiff's Motion to Lift Stay (ECF No. 13) is **DENIED**. The stay previously imposed (ECF No. 12) until **JULY 16, 2019**, remains in place. However, the Court's prior stay Order (*id*.) is **MODIFIED IN PART** as follows: Defendants must file, no later than **JULY 16, 2019**, a written notice reporting on the status of Plaintiff's second (new) Form N-400 and demonstrating whether a further stay of this action is warranted in light of the factors previously discussed in this Opinion and Order.

**IT IS SO ORDERED.**

DATED: June 3, 2019

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**