# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHENGLONG SONG,**

      **Plaintiff,**

      vs.

**L. FRANCIS CISSNA,**
*et al.*,

      **Defendants.**

Case No. 2:18-cv-1272

Judge George C. Smith

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Lift Stay (ECF No. 20), Defendants' Memorandum in Opposition (ECF No. 22), and Plaintiff's Reply Memorandum (ECF No. 23). For the reasons that follow, Plaintiff's Motion is **DENIED**.

On November 26, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* in this action. (ECF No. 2.) Plaintiff's Complaint represents that he "was charged with Desertion of Mails" in this Court, Case Number 2:15-cr-83. (ECF No. 3 at 3.) He was convicted of this charge on August 4, 2015. (*Id.*) Plaintiff alleges that United States Citizenship and Immigration Services ("USCIS") "considered this conviction as a crime involving moral turpitude" and therefore "denied my Form N-400 because they think I have not established good moral character for the conviction of a crime involving moral turpitude during the statutory period." (*Id.*) Plaintiff disagrees with this decision and asks this Court "to make a judicial review and

conduct a hearing de novo on my Form N-400." (*Id.*)[1] On December 28, 2018, after an initial screen pursuant to 28 U.S.C. § 1915(e)(2), the Court permitted Plaintiff to proceed with his claims at that juncture. (ECF No. 4.)

After service was effected (ECF Nos. 8, 9, 10), Defendants moved to stay, or in the alternative, for extension of time to move or plead. (ECF No. 11.) On April 8, 2019, for good cause shown, the Court granted Defendants' Motion and stayed the case until USCIS completes adjudication on Plaintiff's new Form N-400 or until July 16, 2019, whichever is sooner. (ECF No. 12.) The Court further ordered Defendants to file a written status report no later than July 16, 2019, and every 90 days thereafter, until USCIS reaches a decision. (*Id.*)

Plaintiff then moved to lift the stay, arguing that his two N-400 applications are separate matters and therefore any factors or decisions of the second (new) Form N-400 should not be taken into adjudication of this Complaint, which addresses his original Form N-400 that was previously denied. (ECF No. 13 at 1–3; *see also* ECF No. 16 at 3.) Plaintiff also contended that the stay would damage his interests because he "wishes to become a United States citizen as soon as possible so that he can relocate his grandparents and take care of them. In addition, due to Plaintiff's grandmother's serious illness, she may pass away anytime during the proceeding, thus, this matter is extremely time-sensitive to Plaintiff." (ECF No. 13 at 3–4; ECF No. 16 at 4–6.) After considering Plaintiff's arguments and the arguments of Defendants (ECF No. 15), on June 3, 2019, the Court concluded "that its discretion is best exercised in continuing the stay and denying Plaintiff's request to lift the stay." (ECF No. 18 at 5 (ordering that stay previously imposed until July 16, 2019, remain in place and modifying prior Order (ECF No. 12) by

---

[1] Plaintiff's claim arises from 8 U.S.C. § 1421(c), which grants the Court jurisdiction to conduct a *de novo* review of applications for naturalization that the Government has denied.

ordering Defendants to file, "no later than **JULY 16, 2019**, a written notice reporting on the status of Plaintiff's second (new) Form N-400 and demonstrating whether a further stay of this action is warranted in light of the factors previously discussed in this Opinion and Order") (emphasis in original).)

Plaintiff now moves for reconsideration of that Opinion and Order (ECF No. 18), advising that on June 3, 2019, the same day the Court issued its decision, USCIS completed its adjudication on Plaintiff's new Form N-400 and determined that Plaintiff was not eligible for naturalization ("the adverse decision"). (ECF No. 20 at 1–2; Exhibit A (ECF No. 20-1 (copy of Notice of Decision issued by USCIS, dated June 3, 2019, directed to Plaintiff, and explaining the bases for the denial) ("the Notice").). Defendants oppose Plaintiff's Motion, arguing that the existing stay should remain in place because adjudication on Plaintiff's new Form N-400 is ongoing as he has thirty-three days from June 3, 2019, in which to file a Form N-336 Request for a Hearing in Naturalization Proceedings. (ECF No. 22 at 3–5 (citing, *inter alia*, INA 336 and 8 C.F.R. 336.2 (providing, *inter alia*, that an applicant may request a hearing on the denial of application for naturalization by filing a request with USCIS).) In reply, Plaintiff represents that he does not intend to file a Form N-336 Request for a Hearing in Naturalization Proceedings and, therefore, adjudication of his new Form N-400 is complete and the stay should be lifted immediately. (ECF No. 23.)

Plaintiff has thirty-three days from June 3, 2019, to file a Form N-336 Request for a Hearing in Naturalization Proceedings if he believes that he can overcome the grounds for the denial of his second (new) Form N-400. (ECF No. 20-1 at PAGEID # 103 (advising further, *inter alia*, "[w]ithout a properly filed Form N-336, this [adverse] decision will become final"); *see also* 8 C.F.R. §§ 336.2(a) (providing that an applicant "may request a hearing on the denial

of the applicant's application for naturalization by filing a request with USCIS within thirty days after the applicant receives the notice of denial"), 103.8(b) (adding three days to the prescribed period if served by mail).) Saturday, July 6, 2019, is thirty-three days from date of the denial on June 3, 2019. (*Id*.; ECF No. 20-1.) While Plaintiff represents that he does not intend to file a Form N-336 Request for a Hearing in Naturalization Proceedings (ECF No. 23), the adverse decision will not become final until after the time for filing this request has expired and no such request has been filed. (*See* ECF No. 20-1 at PAGEID # 103 (citing INA 336 [8 U.S.C. § 1447]).) In other words, presuming that Plaintiff does not file a Form N-336 Request for a Hearing in Naturalization Proceedings, the adverse decision will become the final decision in approximately two weeks. The Court finds that waiting until the deadline has expired for Plaintiff to file a request for hearing is a relatively short period of time and will not unduly delay this litigation. Therefore, based on this record, the Court concludes that its discretion is best exercised in continuing the stay and denying Plaintiff's request to reconsider its Order denying his motion to lift the stay at this time. *See Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) ("A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently.") (citations omitted); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (finding that courts may also consider the stage of the litigation and whether a stay simplifies the issues) (citations omitted).

Accordingly, for the foregoing reasons, Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Lift Stay (ECF No. 20) is **DENIED**. However, the stay previously imposed (ECF No. 12) is **MODIFIED** to extend instead until **JULY 10, 2019**. The Court's prior Opinion and Order (ECF No. 18) is therefore **MODIFIED** as follows: Defendants are

**ORDERED** to file, no later than **JULY 10, 2019**, a written notice reporting on the status of Plaintiff's second (new) Form N-400, including whether Plaintiff has filed a Form N-336 Request for a Hearing in Naturalization Proceedings and confirming whether the adverse decision dated June 3, 2019, has become the final decision. Defendants are **FURTHER ORDERED** to propose a date when they will respond to Plaintiff's Complaint and explain why that proposed date is appropriate.

    **IT IS SO ORDERED.**

**DATED:  June 24, 2019**　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**